IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Tishia R. Guess, | ) | CIVIL ACTION NO: |
|     Plaintiff, | ) | |
| v. | ) | COMPLAINT |
| Computer Science Corporation and | ) | 1. Title VII: Sexual Harassment: |
| Kevin Thompson: Modis Corporation: | ) | 2. Intentional Infliction of Emotional: |
|     Defendants, | ) | Distress as to Computer Science Corporation |
| | | Modis and Thompson: |
| ------------------------------------------------ | ) - | 3. Defamation: libel and slander: all defendants |

TO: THE SAID DEFENDANTS ABOVE:

1. That the Plaintiff is a citizen and resident of Richland county state of South Carolina.

2. That the Defendants are corporation doing business in the state of South Carolina.

3. That Computer Science Corporation and, Modis is labor contractual agency for CSC and for the purposes of Title VII and the various related torts alleged hereinafter under state common law. Thompson, at all relevant times herein were acting in the course and scope of his employment with CSC, and is sued in his official and individual capacities herein.

4. Defendants Computer Science Corporation and Modis Corporation are incorporated in a state of the United States and owns and manages Defendant at Computer Science Corporation, CSC chosen, or was instrumental is the selection of Thompson as this agent, or supervisor.

5. This action arises under Title VII of the Civil rights act of 1964 as amended: 42 U.S.C. 2000(e) et.sec. Plaintiff has exhausted her administrative remedies, received her "right to sue" from the EEOC and this action is timely filed. In addition to the federal question claim brought under Title VII, and they are included herein as state pendant claim: namely cause of actions number 3, 4, and 5,6,7,8 as alleged herein below.

6. Jurisdiction exists pursuant to 28 U.S.C.. Section 1343(4) which gives the district court original jurisdiction over any act of congress providing for the protection of civil rights.

7. Venue lies within the Columbia Division pursuant to 28 U.S.C. section 1391(b) because Defendants, CSC, Modis, has its office located in this judicial district and all of the events giving rise to this action occurred in the Columbia Division.

8. The allegations contained above (1-7) are re-alleged herein as if repeated verbatim.

9. The Plaintiff was initially hire by CSC august 22, 2016, to April 7, 2017. Soon thereafter, Thompson began his efforts to isolate and control the Plaintiff, in a scheme to force and coerce her into an inappropriate relationship with him.

10. Thompson made statement to Plaintiff that you have to 'Play to Stay". Which is a "QUID QUO PRO".

11. Thompson made veiled romantic overtures to Plaintiff while using his position of authority to attempt to intimidate and coerce her into doing his bidding.

12. As Thompson continued upon this scheme to intimidate and control the Plaintiff he ordered her not to have any friendship with staff at CSC and if she did she would suffer mightily. She was ordered by Thompson to deal only with him on all matters.

13. On April 7, 2017, the Plaintiff forwarded a customer complaint to a client company following her procedures and copy to Thompson. Thereafter, Thompson confronted the Plaintiff and demanded to know why she forwarded the email. The Plaintiff attempted to explain and to show him the policy on that particular matter: however, Thompson loudly berated her in front of other coworkers and ultimately told her she was dismissed.

14. Thompson also scheme and attempt to form a conspiracy that he had a witness to what happen.

15. Thompson later reported that faculty or staff falsely that the Plaintiff had acted in insubordinate, inappropriate, disruptive, and rude manner which is false.

16. On numerous occasions before the aforementioned assaults and batteries of Plaintiff by Thompson, said defendant attempted to sexually fondle the Plaintiff and forced his body against her inappropriately and against her will at the workplace, creating a hostile and intimidating work environment based on sex.

17. On numerous occasions through March 2017, not only did Thompson touch Plaintiff sexually and offensively, he frequently made sexually offensive, unwanted statements to her.

18. Plaintiff did not complain about the highly offensive and extreme action against her by Thompson because he threatened to harm her. Because of his position an agent, supervisor and how he wielded his power, Plaintiff was thoroughly intimidated and reasonably concluded that she was unable to complain because she was reasonably fearful Thompson would harm her job.

19. Thompson use his authority as CSC, its agent and supervisor in threatening, intimidating and controlling the Plaintiff in a successful effort to damage her self-esteem so he could force her to do his bidding regardless of what that may be.

20. After Thompson realized he could no longer control the Plaintiff to any degree using the power of his authority over her he terminated her illegal.

21. The termination was pretext by Thompson, acting as agent or supervisor of CSC, to retaliate against Plaintiff because she dare to reject his sexual advances.

22. Defendants CSC, Modis was aware of Thompson's propensity to sexually harass women under his authority and that it was foreseeable he would sexually harass women under his authority at CSC, Modis such as the Plaintiff. CSC, Modis had reason to know that Plaintiff was being sexually harassed but took no action to prevent it.

## FIRST CAUSE OF ACTION

### (TITLE VII: SEXUAL HARASSMENT AS TO CSC)

23. The allegation above 1-22 are all realleged as if repeated verbatim herein.

24. Defendant CSC through the action of its agent or supervisor and alter ego, Thompson, subjected the Plaintiff to sexual harassment as alleged hereinabove and below.

25. The sexually offensive conduct and advances by Thompson toward Plaintiff alleged above were unwelcome and:

    a. Submission or rejection of such sexual conduct was use as the basis for employment decisions affecting the Plaintiff and or:
    b. Such conduct had the purpose or effect of unreasonably interfering with Plaintiff's work performance and/or created an intimidating, hostile and /or offensive work environment.

26. The defendant, CSC, is liable to Plaintiff for quid quo pro sexual harassment because the terms and conditions of Plaintiff employment were conditioned upon the granting of sexual favors to its agent or supervisor Thompson said she was punished and terminated for failing to grant sexual favors in the workplace.

27. The hostile work environment that Plaintiff was subjected to by CSC and Thompson was severe and pervasive enough to create an objectively hostile or abusive work environment and subjectively was perceived by Plaintiff as abusive and hostile.

28. When Plaintiff fought off and refuse to submit to sexual advances of Thompson, a protected activity under Title VII, defendant CSC terminated her in retaliation thereof.

29. CSC retaliated against plaintiff for engaging in protected activities alleged herein some examples of which was as set forth herein below: retaliation continues as of the filing of this complaint.
30. CSC, Modis, retaliated against the Plaintiff by not assigning her another new job when CSC found out that Thompson was a liar in April 7, 2017, and April 27, 2017, before the South Carolina Department of Employment and workforce.
31. Defendants Retaliation against Plaintiff has been materially wrong, unfair, leaving without a job.

32. The retaliation against Plaintiff was and is designed by CSC, and Thompson to damage the Plaintiff and to take away her income that and make her circumstances intolerable.
33. The aforementioned retaliation was a knowing violation of Title VII by CSC and thus entitles the Plaintiff to an award of punitive damages.
34. As a direct and proximate result of the retaliation against Plaintiff by CSC, the Plaintiff has suffered damages as alleged in paragraph 26 above.
35. As a direct and proximate result of the intentional and knowing violation of Title VII by CSC said Defendant is liable to Plaintiff for compensatory damages, punitive damages, back pay, front pay and attorney fees if Plaintiff has to hire an attorney, an injunction and court order restraining CSC from further retaliation.

### FOR A SECOND CAUSE OF ACTION

(Intentional Infliction of Emotional Distress as to CSC and Thompson and Modis)

36. The allegations contained above 1-35 are re-alleged herein as if repeated verbatim.

37. The Defendants CSC and Thompson and Modis, CSC, Modis alter ego, as alleged hereinabove, intentionally or recklessly inflicted severe emotional distress upon Plaintiff or certain or substantially certain that such distress would result from Thompson's conduct: the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society: the action of the defendants cause the Plaintiff emotional distress and the emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure it.

38. As direct and proximate result of intentional infliction of emotional distress (IIED) by CSC and Thompson and Modis, Plaintiff has suffered damages as alleged in paragraph 26, above.

39. Plaintiff is thus entitled to actual and punitive damages from the Defendants for IIED.

40. The allegation contained in paragraph 1-39 above re-alleged herein as if repeated verbatim.

## For A Third Cause of Action
(Defamation: libel and slander as to CSC and Thompson and Modis)

41. Thompson published false statements to senior staff that suggested that the plaintiff lacked integrity, Thompson made false statements to South Carolina Department of Employment and workforce that plaintiff act in an inappropriate, disruptive, and rude manner and Thompson suggested to another employer to lie for him against plaintiff falsely.
42. The Defendants CSC, Modis, Thompson acted with malice and ill will toward Plaintiff and with the intent to harm her and severely damage her reputation.
43. Defendants knew or should have known the defamatory publication about Plaintiff were false when they made them.
44. The published expressions by said defendants impeached the integrity and reputation of the plaintiff and subjected her to public contempt and ridicule and injured and damaged her in her profession and occupation.
45. Because the published expressions about the Plaintiff damage here in her profession and occupation, defendants are liable to plaintiff for slander per se and damages are thus presumed.
46. Because some of the published expressions about the plaintiff by defendants were in writing damages are also presumed.
47. The defamation of Plaintiff by defendants was made in reckless disregard for the truth and Defendants knew said statements were false when they made them.
48. That a direct result and consequence of the defamation of Plaintiff by Defendants, Plaintiff has and will suffer special damages, loss of reputation, mental anguish, emotional distress, pain and suffering, damage to her profession and occupation and ability to earn income now and in the future.
49. The Plaintiff is entitled to actual and punitive damages from the defendants.

## PRAYER

WHEREFORE, by reason of the foregoing, Plaintiff prayers that summon and complaint issue citing Defendants to appear and answer the foresaid matters, that process in due from of law issue against Defendants, that judgment be rendered for Plaintiff against, that Plaintiff be fully compensated and awarded compensatory and general damages, punitive damages in the true and absolute sum of not less than $350,000. Including filing fees, and any further as the court rule just and proper.

Respectfully Submitted

Tishia R. Guess

8 Moody view Court

Columbia, sc. 29223

(803) 673-0177

5